**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4520**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERICK NAMACK,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling. Frederick P. Stamp, Jr., Senior District Judge. (5:14-cr-00008-FPS-JPM-4)

Submitted: January 23, 2020                    Decided: February 11, 2020

Before WILKINSON, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Diana Stavroulakis, Weirton, West Virginia, for Appellant. Lynette Danae DeMasi-Lemon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derick Namack appeals from the revocation of his supervised release and the resulting 12-month and 1-day sentence. Namack's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether Namack's sentence is reasonable. For the reasons that follow, we affirm the revocation of supervised release and the resulting sentence.

We review the district court's revocation of supervised release for abuse of discretion and the court's factual determinations underlying the conclusion that a violation occurred for clear error. *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015). We will only reverse for clear error if "left with the definite and firm conviction that a mistake was made." *United States v. De Leon-Ramirez*, 925 F.3d 177, 183 (4th Cir. 2019) (internal quotation marks omitted). To revoke supervised release, a district court need only find a violation of a supervised release condition by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2018).

We have reviewed the record and conclude that the district court did not abuse its discretion in revoking Namack's supervised release. Namack admitted to several supervised release violations and both Namack and the Government stipulated to the factual allegations underlying those violations at the revocation hearing. We conclude that the district court's factual findings are not clearly erroneous and that the district court did not abuse its discretion in revoking Namack's supervised release, after finding by a preponderance of the evidence that Namack knowingly violated his supervised release conditions.

2

We next turn to Namack's sentence. "A district court has broad, though not unlimited, discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). Accordingly, this court "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* at 207 (internal quotation marks omitted). "To consider whether a revocation sentence is plainly unreasonable, we first must determine whether the sentence is procedurally or substantively unreasonable." *Id.* In doing so, we generally apply "the procedural and substantive considerations that we employ in our review of original sentences, with some necessary modifications to take into account the unique nature of supervised release revocation sentences." *Id.* (alteration and internal quotation marks omitted). Only when we conclude that the revocation sentence is procedurally or substantively unreasonable must we consider whether it is plainly so. *Id.* at 208.

Because Namack did not raise any objection to his sentence in the district court, this court's review is only for plain error. *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). To establish plain error, Namack "must show (1) that the district court erred, (2) that the error is clear or obvious, and (3) that the error affected his substantial rights." *Id.* In the sentencing context, a defendant can establish the third factor by showing "that he would have received a lower sentence had the error not occurred." *United States v. Knight*, 606 F.3d 171, 178 (4th Cir. 2010).

Although the district court erred in failing to provide Namack an opportunity to allocute at the revocation hearing, Namack has not established that he would have received a lower sentence had he been permitted to allocute. Both parties had reached an agreement as to the appropriate sentence. Namack has not shown that he "may have been able to persuade the court" to reduce his sentence below the term of imprisonment he had agreed to. *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007). Therefore, Namack has failed to establish plain error.

Accordingly, we affirm the revocation of supervised release and the resulting sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*